## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

WAYZARO Y. WALTON,                                DOCKET NO:

      Plaintiff,

      v.

KRISTJEN NIELSEN, SECRETARY
OF UNITED STATES DEPARTMENT
OF HOMELAND SECURITY;
L. FRANCIS CISSNA, DIRECTOR OF
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES;
MICHAEL PAUL, FIELD OFFICE
DIRECTOR OF VERMONT SERVICE
CENTER, UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES;
RONALD D. VITIELLO, DEPUTY
DIRECTOR OF ICE; UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT
U.S. DEPARTMENT OF HOMELAND
SECURITY; and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES,

      Defendants.

## COMPLAINT FOR AN ORDER TO COMPEL ADJUDICATAION UNDER THE A.P.A. AND WRIT OF MANDAMUS AND INJUNCTIVE RELIEF
### INTRODUCTION

1. This is a case about the Plaintiff, Wayzaro Walton, a thirty-four (34) year old single mother of a fifteen (15) year old United States Citizen daughter, and spouse of a United States Citizen, who has been in the United States since the age of four (4) and who was a Legal Permanent Resident for twenty-five (25) years until she was ordered removed by an Immigration Court on June 14, 2012. Defendant, U.S.

Immigration and Customs Enforcement (ICE), has ordered the imminent deportation of Ms. Walton on December 14, 2018, despite the many equities in her favor and despite the fact that she has a long-pending "U" Visa application with Defendant, U.S. Citizenship and Immigration Services (USCIS).

2. Ms. Walton brings this mandamus action to compel defendants to complete the adjudication of her "U" Visa, Petition, pending since September 19, 2016, and stay her deportation while the "U" Visa is pending. This delay is unreasonable as a matter of law.

3. Ms. Walton is prejudiced by the undue delay in the processing of this petition. Ms. Walton has been ordered by ICE to depart the United States on December 14, 2018. Ms. Walton was provided only thirty-seven (37) days notice to purchase a plane ticket and depart the United States. A Motion to Reopen is currently pending with the Board of Immigration Appeals (BIA) along with an Emergency Stay of Removal, based upon a change in law that directly impacts the underlying conviction that is the basis of her removal order. An Absolute Pardon application is currently pending with the State of Connecticut Board of Pardons and Paroles. Ms. Walton may be forced to leave the United States before her "U" Visa is adjudicated by USCIS or before her application for a full pardon is ruled upon.

4. Ms. Walton has an avenue to stay here through a "U" visa, but there is little likelihood that Defendant USCIS will adjudicate her application before December 14, 2108. A "U" visa is intended for immigrant victims of crime who cooperate with law enforcement in the investigation or prosecution of such crimes. 8 U.S.C.

§ 1101(a)(l5)(U).

5. Ms. Walton filed her "U" visa application in September 19, 2016, but delays have caused "U" visa applicants to wait as many as four years for USCIS to adjudicate their applications. Ms. Walton does not have years to wait due to the deadline that ICE has arbitrarily imposed for her deportation.

6. In aggressively seeking to remove Ms. Walton while her "U" visa application is still pending, ICE frustrates the purpose of the Victims of Trafficking and Violence Protection Act of 2000 ("VTVPA"), which Congress enacted to protect immigrant victims of crime. *See* Pub. L. No. 106-386, I 14 Stat. 1464 (2000).

7. Accordingly, Ms. Walton asks the Court to order USCIS to either (a) make a determination on the "U" Visa or (b) enjoin ICE from effectuating Ms. Walton's deportation while the U-Visa is pending.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims alleged in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), as it arises under the Administrative Procedure Act, 5 U.S.C. § 702, and the federal mandamus statute, 28 U.S.C. § 1361.

9. The United States' sovereign immunity is waived under the Administrative Procedure Act, 5 U.S.C. §§ 702 and 706.

10. The Court has the authority to issue a declaratory judgement under the Declaratory Judgement Act, 28 U.S.C. §§ 2201-02 and Rule 47 of the Federal Rules of Civil Procedure.

11. Venue properly lies within the District of Connecticut because a substantial part of the events or omissions giving rise to this action occurred in the District. 28 U.S.C.§ 139l(b). Ms. Walton currently resides in Hartford, Connecticut and the Defendant ICE and Defendant Beaumont are located in Hartford, Connecticut.

## PARTIES

12. Plaintiff Wayzaro Walton is a thirty-four (34) United Kingdom national who has lived in the United States since 1987, since she was four (4) years old. She currently resides in Hartford, Connecticut.

13. Defendant DHS is a Department of the Executive Branch of the United States government, located in Washington, DC, and is responsible for enforcing federal laws governing border control, customs, trade and immigration to promote homeland security and public safety.

14. Defendant Kristjen Nielsen is sued in her official capacity as the Secretary of the Department of Homeland Security. In this capacity, she directs each of the component agencies within DHS, including ICE. As a result, in her official capacity, Secretary Nielsen is responsible for the administration and enforcement of the immigration laws.

15. Defendant USCIS, also a component of DHS, is the agency charged with, among other things, adjudicating applications for U visas.

16. Defendant L.Francis Cissna is sued in his official capacity as the Director of USCIS, the Agency charged with adjudicating Plaintiffs "U" visa application.

17. Defendant Michael Paul is sued in his official capacity as the Director of Service Center Operations. The Vermont Service Center, which Paul oversees, is charged with adjudicating all U visa applications.

18. Defendant ICE is a component of DHS, located in Washington, DC, and is in charge of enforcing federal immigration law, including arresting and detaining non-citizens.

19. Defendant Ronald D. Vitiello is sued in his official capacity as the Deputy Director of ICE, which is the sub-agency of the Department of Homeland Security. Deputy Director Ronald D. Vitiello is responsible for enforcement and removal operations for ICE, including the present enforcement action.

## STATEMENT OF FACTS

20. The Plaintiff was born in the United Kingdom and was admitted to the United States in New York as a permanent resident on November 20, 1987.

21. The Plaintiff was four years old when she was admitted and has no connection to her birthplace in the United Kingdom.

22. The Plaintiff is a single mother of a fifteen year old U.S. citizen daughter.

23. She has also been married to U.S. Citizen Tameka Ferguson since 2015.

24. On February 22, 2012, the Plaintiff was issued a Notice to Appear by DHS. On June 14, 2012, at a Master Calendar hearing with the Immigration Court, the Immigration Judge ordered the Respondent removed due to a February 2006 conviction of which she plead guilty to C.G.S. 53a-124, Larceny 3rd Degree, and was sentenced to a one-year jail sentence, execution suspended. She was found deportable of committing a theft offense aggravated felony and two crimes involving of moral turpitude because of a conviction from June 10, 2011, for C.G.S. 53a-125b, Larceny 6th Degree.

25. Ms. Walton was a victim of a crime and submitted a U-Visa Application and in September, 2016, has a pending U-Visa based and she has asked ICE for a stay until the U-Visa is adjudicated. An absolute pardon is pending with the State of Connecticut Board of Pardons and Paroles. If the absolute pardon is granted, the underlying basis for her removal order will be negated.

## LEGAL BACKGROUND

### A. The Mandamus Act

26. Under 28 U.S.C. § 1361, the federal mandamus statute, this Court has "original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

27. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) "no other adequate means to attain the relief [it] desires," (2) "the writ is appropriate under the circumstances," and (3) the rights to issuance of the writ is clear and indisputable." *In re Roman Catholic Diocese of Albany, N.Y., Inc., 745 F. 3d 30, 35 (2d Cir. 2014).*

### B. The Administrative Procedure Act

28. Under the Administrative Procedure Act (APA), the Court is authorized to compel agency action that has been unreasonably delayed. 5 U.S.C. § 706(1).

29. An agency must "conclude a matter presented to it ... within a *reasonable* time." 5 U.S.C. § 555(b) (emphasis added).

### C. The U Visa Adjudication Process

30. In 2000, Congress created a new visa category for immigrant victims of crime who cooperate with law enforcement in the investigation or prosecution of a crime. *See* Victims of Trafficking and Violence Protection Act of 2000 ("VTVPA"), Pub. L. No. 106-386, 114 Stat. 1464 (2000).

31. Congress enacted the U visa provision to strengthen law enforcement's ability to investigate and prosecute crimes "while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States." VTVPA, Pub.L. 106-386, at § l 513(a)(2)(A).

32. 8 U.S.C. 1101(a)(l5)(U) provides the elements for U-Visa eligibilty.

33. There is an annual statutory cap on U visas. By statute, USCIS may only issue 10,000 visas per year. 8 U.S.C. § l 184(p)(2). In the past several years, U visa applications have far exceeded the 10,000-per-year cap, resulting in a backlog of nearly 90,000 U visa applications awaiting adjudication.

34. To address this backlog, USCIS enacted a regulatory "waiting list," whereby USCIS conducts an initial adjudication and places "eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status ... on a waiting list." 8 C.F.R. § 214.14(d)(2). While on the waiting list, USCIS will grant the applicant deferred action and may grant work authorization. *Id.*

35. According to USCIS's published processing times, it currently takes forty-nine (49) months to adjudicate this first phase of adjudication; *i.e.,* to be placed on the waiting list and USCIS is processing cases filed in November, 2014.

36. If a U visa applicant is *prima facie* eligible for a U visa, the Secretary of Homeland Security "may grant the alien an administrative stay of a final order of removal" until USCIS adjudicates the U visa application and that adjudication is administratively final. 8 U.S.C.§ 1227(d)(I).

37. There are no regulations setting forth a procedure for making the *prima facie* determination described in § 1227(d)(I). There is no published guidance about the procedure for obtaining a *prima facie* determination.

38. Ms. Walton has never received a written finding of whether a *prima facie* determination has been made on her case and her U-Visa is still pending according to USCIS.

39. A Stay of Removal (Form I-246) is pending with ICE seeking a temporary stay of her deportation date based upon the pending U Visa, the needs of her U.S. Citizen daughter and wife and a pending Motion to Reopen with the Board or Immigration Appeals.

**COUNT ONE:   Writ of Mandamus Ordering USCIS to Make A Determination on the U-Visa.**

40. Ms. Walton repeats and realleges the allegations contained in paragraphs 1 through 39 here.

41. DHS failed to provide Ms. Walton written notice of a *prima facie* determination relating to her U Visa.

42. The Secretary of Homeland Security has a duty to make a *prima facie* determination under 8 U.S.C. § 1227(d)(l).

43. No other adequate remedy is available. Ms. Walton is facing a deadline to depart by December 14, 2018.

44. Ms. Walton has exhausted her administrative remedies. A Stay of Removal is pending with ICE and counsel has not received a response to that request.

**COUNT TWO: DHS violated the APA, 5 U.S.C. § 706(1), by Failing to make a Determination on the U Visa while Ordering Ms. Walton to Depart the U.S.**

45. Ms. Walton repeats and realleges the allegations contained in paragraphs 1 through 44 here.

46. DHS violated the Administrative Procedure Act by failing to make determination of Ms. Walton's U Visa application as required by 8 U.S.C. § 1227(d)(l) but ordering her to depart the U.S.

47. DHS has "unlawfully withheld" agency action in violation of the APA, 5 U.S.C. § 706(1).

48. Ms. Walton has exhausted her administrative remedies. She has a pending Stay of Removal (Form I-246) with ICE and Counsel has not received a response to that request.

**COUNT THREE: USCIS Violated the APA by Failing to place Ms. Walton on the U visa "waiting list".**

49. Ms. Walton repeats and realleges the allegations contained in paragraphs 1 through 48 here.

50. Ms. Walton's U visa petition has been pending for over two years.

51. USCIS has not adjudicated Ms. Walton's application in a reasonable time. *See* 5 U.S.C. § 555(b).

52. Serious adverse factors exist in Ms. Walton's case that make USCIS's delays unreasonable.

53. USCIS adjudicates U visa petitions in the order they receive them. While that rule makes sense for those individuals who are under no threat of deportation, USCIS's rule is unjustifiable as it pertains to individuals like Ms. Walton who are facing imminent deportation. Further, while USCIS may only grant 10,000 visas per year. She is merely asking USCIS to stay her deportation while her U visa is pending so that she may receive deferred action from removal.

54. Ms. Walton has exhausted her administrative remedies. Counsel for Ms. Walton has asked DHS to stay her deportation.

## PRAYER FOR RELIEF

A. Assume jurisdiction over this matter;

B. Issue a writ of mandamus ordering DHS to make a determination on Ms. Walton's U visa;

C. Issue a writ of mandamus ordering ICE to stay Ms. Walton's deportation during the pendency of the U Visa;

D. Declare that DHS's failure to make a determination regarding Ms. Walton's U visa application violates 5 U.S.C. § 706(1);

E. Attorneys' fees and costs;

F. Any other relief the Court deems equitable, just, and proper.

                RESPECTFULLY SUBMITTED
                THE PLAINTIFF
                BY HER ATTORNEY

Date: December 11, 2018      /s/____ *Erin O'Neil-Baker*
                                      Erin O'Neil-Baker
                                      CT#: ct23073
                                      Juris #: 418807
                                      Hartford Legal Group, LLC
                                      102 Oak Street
                                      Hartford, CT 06106
                                      (860) 466-4278
                                      (f)(860) 466-4279
                                      Erin@HartfordLegalGroup.com