UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WAYZARO Y. WALTON,　　　　　　　　　DOCKET NO:
　　　　　　　　　　　　　　　　　　　　3:18cv2014
　　　Plaintiff,

　　　v.

KRISTJEN NIELSEN, ET AL,
　　　Defendants.　　　　　　　　　　　December 12, 2018

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
WRIT OF MANDAMUS IN
RESPONSE TO DECEMBER 11, 2018 COURT ORDER**

The Plaintiff submits this memorandum to address the jurisdictional questions presented in the Court's Order of December 11, 2018. In accordance with the Court's order the Plaintiff asserts that this Court has jurisdiction pursuant to the Mandamus Act and the A.P.A. to compel the Defendants to act on the pending U-Visa because the Plaintiff does not seek the Court's review of her removal order and is thus not statutorily barred.

The Plaintiff currently has a Motion to Reopen pending with the Board of Immigration Appeals as well as an Emergency Stay of Removal with the Board of Immigration Appeals. The Plaintiff filed an appeal of her removal order in September 2012, which was denied by the Board of Immigration Appeals in 2014. The Plaintiff has never brought an action with the U.S. Court of Appeals for the Second Circuit with respect to this matter and no action is pending at this time.

## I. The Court Has Jurisdiction Over The Plaintiff's Action

The Plaintiff makes the following requests for relief of the Court as to her pending U-Visa: (1) Assume jurisdiction over this matter; (2) Issue a writ of mandamus ordering DHS to make a determination on Ms. Walton's U visa; (3) Issue a writ of mandamus ordering ICE to stay Ms. Walton's deportation during the pendency of the U Visa; and (4) Declare that DHS's failure to make a determination regarding Ms. Walton's U visa application violates 5 U.S.C. § 706(1).

The relief requested by the Ms. Walton is not statutorily barred 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(a)(5), 8 U.S.C. § 1252(f)(2) or 8 U.S.C. § 1252(b)(9) because this action does not arise out of a decision to "commence proceedings, adjudicate cases, or execute removal orders" or "review of an order of removal" and it does not arise out of "any action taken or proceeding brought to remove an alien from the United States" and does not ask the court to "enjoin the removal" of the Plaintiff.

    A.    *8 U.S.C. § 1252(g), 8 U.S.C. § 1252(a)(5), 8 U.S.C. § 1252(f)(2) and 8 U.S.C. § 1252(b)(9) Do Not Deprive the Court of Jurisdiction*

    (1)  <u>8 U.S.C. § 1252(g)</u>

8 U.S.C. § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). This jurisdictional bar only applies to claims arising from the Attorney General's actions in the context

of removal proceedings. The "provision applies only to three discrete actions" taken by the Attorney General, to "commence proceedings, adjudicate cases, or execute removal orders against any alien," and section 1252(g) does not apply to "other decisions or actions that may be part of the deportation process." *Rodriguez v. Nielsen*, 2018 WL 4783977 (EDNY Sept. 30, 2018), quoting, *Reno v. Am.-Arab Anti–Discrimination Comm.*, 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999). In *Han Cao v. Upchurch*, 496 F. Supp. 2d 569, 574 (E.D. Pa. 2007), the Court concluded that "[s]ection 1252(g) has no application at all" in a case where the plaintiffs sought an order compelling USCIS to act on their applications to adjust their immigration status to that of permanent residency.

The Supreme Court's decisions in *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, at 478, which held that Section 1252(g) acted as a jurisdictional bar to a suit seeking to enjoin removal proceedings because of selective prosecution and *Ali v. Mukasey,* 524 F.3d 145, 150 (2d Cir.2008), which held that Section 1252(g) applied to a claim that DHS had improperly exercised its discretion in bringing removal proceedings against various aliens are distinguishable from the relief sought in this matter because the Plaintiff in this case does not seek to enjoin removal proceedings and does not claim that DHS improperly exercised its discretion.

This Court held in *El Badrawi v. Dept' of Homelad Sec.*, 579 F. Supp. 2d 249, 290 n. 35 (D. Conn. 2008), that 8 U.S.C. § 1252(g) does not bar a challenge to DHS Defendants' inaction and that is what the Plaintiff is challenging in this action.

Because the Plaintiff challenges the process implemented by USCIS for the adjudication of her U Visa application and not any actions in connection with her removal proceedings, Section 1252(g) does not deprive the Court of jurisdiction.

(2) 8 U.S.C. § 1252(a)(5)

8 U.S.C. § 1252(a)(5) provides "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e)." Section 1252(a)(5) does not strip the Court of its jurisdiction. *Calderon v. Sesssions,* 330 F.Supp.3d 944, 330 F.Supp.3d 944, (S.D.N.Y. Aug. 1, 2018). This section has been interpreted to strip federal district courts of jurisdiction to review either a "direct" or "indirect challenge" to an order of removal. *Delgado v. Quarantillo,* 643 F. 3d 52, 55 (2d Cir. 2011), but plaintiff's claims are neither direct nor indirect challenges to her order of removal. Petitioner concedes that the order of removal against her is valid and enforceable, and that, absent her right to proceed with her U-Visa, she would be removed pursuant to her order of removal. As in *Calderon v. Sesssions,* 330 F.Supp.3d at 955, 8 U.S.C. § 1252(a)(5) does not preclude the Plaintiff's action. The Plaintiff does not ask this Court to review her removal order only to compel Defendants to act on her pending U-Visa therefore, this 8 U.S.C. § 1252(a)(5) does not preclude this action.

(3) 8 U.S.C. § 1252(b)(9)

8 U.S.C. § 1252(b)(9) provides: "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact." The Supreme Court held: "it is enough to note that respondents are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined. Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar." *Jennings v. Rodriguez,* 138 S.Ct. 830 (2018). The Court further found: "the question is not whether *detention* is an action taken to remove an alien but whether *the legal questions* in this case arise from such an action. And for the reasons explained above, those legal questions are too remote from the actions taken to fall within the scope of § 1252(b)(9)." *Id*. The Plaintiff does not seek this Court to review her removal order or any question of fact or law that lead to the removal order.

This Court in *El Badrawi v. Dept' of Homelad Sec.*, 579 F. Supp. 2d 249, 290 n. 35 (D. Conn. 2008), held that § 1252(b)(9) did not bar a Federal Tort Claim Act action and stated: "the provision has been held not to apply to claims that could never be brought during removal proceedings…it becomes clear that this court has jurisdiction over El Badrawi's FTCA claims for his arrest and initial detention." Similarly, the Plaintiff's claim for her U-Visa can only be processed by USCIS and could not have been adjudicated through removal proceedings, therefore, as in *El Badrawi*, § 1252(b)(9) does not bar the Plaintiff's current action.

(4) 8 U.S.C. § 1252(f)(2)

8 U.S.C. § 1252(f)(2) provides: "Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law." Section 1252(f) does not refer to "stays," but rather to authority to "enjoin the removal of any alien." An injunction and a stay serve different purposes. The former is the means by which a court tells someone what to do or not to do. While in a general sense many orders may be considered injunctions, the term is typically used to refer to orders that operate *in personam*. By contrast, a stay operates upon the judicial proceeding itself, either by halting or postponing some portion of it, or by temporarily divesting an order of enforceability. An alien seeking a stay of removal pending adjudication of a petition for review does not ask for a coercive order against the Government, but instead asks to temporarily set aside the removal order. That kind of stay, "relat[ing]

only to the conduct or progress of litigation before th[e] court[,] ordinarily is not considered an injunction." *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 279, 108 S.Ct. 1133, 99 L.Ed.2d 296." "That § 1252(f)(2) does not comfortably cover stays is evident in Congress's use of the word "stay" in subsection (b)(3)(B) but not subsection (f)(2), particularly since those subsections were enacted as part of a unified overhaul of judicial review."

The Plaintiff is not challenging any decision to enjoin or execute removal orders. Instead, she is challenging the government's failure to act on her U-Visa. *In Thapa v. Gonzales,* 460 F.3d 323, 330 (2d Cir.2006), the Court held that an INA provision that barred courts from reviewing a "denial of a request" for a voluntary departure order did not prevent courts from reviewing *grants* of such requests (quoting 8 U.S.C. § 1229c(f))). Similarly, in this case, the Plaintiff is not challenging DHS's decision to execute a removal order but asking the Court to stay the deportation date until a decision is made on her U-Visa.

## II.     Unreasonable Delay

The Plaintiff filed her U-Visa in September, 2016. Currently the processing time for a U-Visa is forty-nine (49) months. The APA requires an agency to conclude matters presented to it "within a reasonable time," 5 U.S.C. § 555(b), and provides that a reviewing court can "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1). "In determining reasonableness, we look to the source of delay — e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." *Reddy v.*

*CFTC*, 191 F.3d 109, 120 (2d Cir. 1999). Courts in the Second Circuit also consider the six factors set forth in *Telecommunications. Research & Action Center. v. FCC*, 750 F. 2d 70, 80 (D.C. Cir. 1984) ("*TRAC*") to determine whether an agency's delay is reasonable. *See, e.g., Xu v. Nielsen*, No. 18-CV-2048, 2018 WL 2451202, at *2 (E.D.N.Y. May 31, 2018) ("To determine whether an agency's adjudication delay is reasonable under the APA, courts regularly apply the six factors set forth in [*TRAC*]"); *Gong v. Duke*, 282 F. Supp. 3d 566, 568 (E.D.N.Y. 2017); *L.M. v. Johnson*, 150 F. Supp. 3d 202, 207 (E.D.N.Y. 2015); *Hoo Loo*, 2007 WL 813000 at *4.

The *TRAC* factors include:

> (1) the time agencies take to make decisions governed by a rule of reason; 2) where Congress has provided a timetable, it may be relevant to determine the rule of reason; 3) delays that might be reasonable concerning economic regulation are less reasonable when human welfare and health are at stake; 4) the effect of expediting delayed action on agency activities of a higher or competing authority; 5) the nature and extent of interests prejudiced by the delay and; 6) the court need not find any impropriety behind agency delay to hold that the delay is unreasonable.

*TRAC*, 750 F.2d at 80.

This Court in *Alkeylani v. Dep't of Homeland Sec.*, 514 F.Supp.2d 258, 263 (D.Conn.2007), held that three years for adjudicating an adjustment of status application was unreasonable and also held that "it is not necessary to locate the exact time at which a delay in adjudication of permanent residency applications becomes unreasonable…" The recent case of *Rodriguez v. Nielsen*, the Court held that it had insufficient information upon which to identify "the source of delay," the

agency's allocation of its resources, and the extent to which Defendants may have "participated in delaying the proceedings" and therefore could not determine whether the U-Visa delay was unreasonable until after discovery was completed.

## CONCLUSION

The relief requested by the Ms. Walton is not statutorily barred 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(a)(5), 8 U.S.C. § 1252(f)(2) or 8 U.S.C. § 1252(b)(9) because this action does not arise out of a decision to "commence proceedings, adjudicate cases, or execute removal orders" or "review of an order of removal" and it does not arise out of "any action taken or proceeding brought to remove an alien from the United States" and does not ask the court to "enjoin the removal" of the Plaintiff.

                                                RESPECTFULLY SUBMITTED
                                                THE PLAINTIFF
                                                BY HER ATTORNEY

Date: December 11, 2018          /s/_____ *Erin O'Neil-Baker*
                                                Erin O'Neil-Baker
                                                CT#: ct23073
                                                Juris #: 418807
                                                Hartford Legal Group, LLC
                                                102 Oak Street
                                                Hartford, CT 06106
                                                (860) 466-4278
                                                (f)(860) 466-4279
                                                Erin@HartfordLegalGroup.com