# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAYZARO Y. WALTON, | : | Case No. 18-cv-2014(MPS) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KRISTJEN NIELSEN, SECRETARY | : | |
| et al., | : | |
|     Defendants. | : | December 12, 2018 |

## RESPONSE TO PLAINTIFF'S MEMORANDUM REGARDING JURISDICTION

The defendants hereby respond to the plaintiff's memorandum regarding the court's jurisdiction to hear her claim seeking to prevent her removal scheduled for December 14, 2018 (see document no. 10). The plaintiff's complaint contains three specific claims for relief: (1) a writ of mandamus ordering DHS to issue a decision on her application for a U-Visa; (2) a declaration that the agency's failure to issue a decision on the application violates the APA; and (3) a writ of mandamus ordering ICE to stay the plaintiff's deportation pending a decision on her U-Visa application. In her emergency motion for a temporary restraining order, the plaintiff seeks a TRO "to prevent [her] immediate deportation" pending the outcome of her complaint.

As such, at least one of the plaintiff's claims for relief – and more importantly the plaintiff's emergency motion for a temporary restraining order – explicitly challenges the government's execution of the plaintiff's final order of removal by seeking to stay that order, and this court lacks subject matter jurisdiction over that aspect of the plaintiff's claim.

## Regulatory Background

Pursuant to 8 CFR 214.14(c)(1)(ii):

> An alien who is the subject of a final order of removal, deportation, or exclusion is not precluded from filing a petition for U-1 nonimmigrant status directly with USCIS. The filing of a petition for U-1 nonimmigrant status has no effect on ICE's authority to execute a final order, although the alien may file a request for a stay of removal pursuant to 8 CFR 241.6(a) and 8 CFR 1241.6(a).

The plaintiff alleges that she has filed a Form I-246 seeking an administrative stay of her removal but that ICE has not granted her the requested stay. (See Compl. ¶¶39, 44, 48.)

8 CFR 214.14(c)(5)(i)(B), which provides for "Notice of Approval of Form I-918 for U-1 petitioners outside the United States," applies to those individuals removed pending adjudication of their U-Visa applications. As such, USCIS will decide a U-Visa application even if the applicant is removed while the application is pending.

## 8 U.S.C. § 1252(a)(5)

The REAL ID Act of 2005, codified at 8 U.S.C. § 1252, generally strips district courts of jurisdiction to review a final order of deportation. See De Ping Wang v. Dep't of Homeland Sec., 484 F.3d 615 (2d Cir. 2007). Indeed, under § 1252, the "sole and exclusive means for judicial review of an order of removal" is "a petition for review filed with an appropriate court of appeals . . . ." 8 U.S.C. § 1252(a)(5); see also Moreno-Bravo v. Gonzales, 463 F.3d 253, 261 (2d Cir. 2006) (Section 1252 mandates "that 'a petition for review filed with the appropriate court of appeals in accordance with this

2

section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of the [INA].' This is unquestionably a jurisdiction-stripping provision, particularly as it relates to habeas jurisdiction.") (quoting 8 U.S.C. §1252(a)(5)) (citation omitted); Marquez Almanzar v. I.N.S., 418 F.3d 210, 215 (2d Cir. 2005) (8 U.S.C. § 1252(a)(5) "unequivocally eliminates" habeas corpus review of removal orders from district court).

A petition for review must be filed in the court of appeals for the judicial circuit in which the order of removal was entered; see 8 U.S.C. § 1252(b)(2); and must be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1).

In this case, although the plaintiff disclaims any effort to challenge the merits of her final order of removal, her claim does challenge the defendants' refusal to issue a discretionary stay of execution of the final order of removal pending adjudication of her U-Visa application; therefore, the complaint seeks to avoid the ultimate import of the final order of removal, namely, the plaintiff's actual removal from the United States. As such, the plaintiff's complaint raises what amounts to an indirect challenge to her final order of removal, over which this court lacks jurisdiction just as if the claim were explicitly a direct challenge to the order. See Delgado v. Quarantillo, 643 F.3d 52, 53 (2d Cir. 2011) ("we hold today that a district court lacks jurisdiction over an indirect challenge to an order of removal").

In Delgado, the court concluded that the district court lacked jurisdiction over the plaintiff's "mandamus action to compel USCIS to make a determination on the merits of her I-212 application, alleging that USCIS denied her application in violation of the Administrative Procedure Act ('APA'), 5 U.S.C. § 551 et seq., the Due Process Clause, and the Equal Protection Clause." Id. at 54. The court acknowledged that "a suit brought against immigration authorities is not per se a challenge to a removal order; whether the district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking." Id. at 55. Where, however, a plaintiff seeks review of a denial that is "inextricably linked to" the removal order, there is no district court jurisdiction pursuant to § 1252(a)(5). See id. & n.3 (contrasting case where district court had jurisdiction to consider "'review of the denial of an I-130 petition [for classification of an alien as an immediate relative of a U.S. citizen] because such a denial is unrelated to any removal action or proceeding'" (alteration in original) (quoting Ruiz v. Mukasey, 552 F.3d 269, 274 n.3 (2d Cir. 2009)).

Here, although one element of the plaintiff's claim is directed to the yet-decided U-Visa application, another element explicitly challenges the import of the plaintiff's final order of removal. Under Delgado, that amounts to an indirect challenge to the plaintiff's removal order, and the court lacks subject matter jurisdiction over the claim.

### 8 U.S.C. § 1252(g)

Even if the court concludes that the plaintiff's claims do not constitute an indirect attack on her final order of removal, the court lacks jurisdiction to review the defendants'

4

decision to proceed with her removal and/or refusal to grant her request for a stay of execution of her removal order because that discretionary decision is an exercise of prosecutorial discretion regarding the execution of a removal order, the review of which is barred by 8 U.S.C. § 1252(g).

Section 1252(g), as amended by the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005), explicitly bars judicial review by district courts of three classes of actions and decisions committed to the Government's discretion, namely: the decision to commence removal proceedings, adjudicate cases, or execute a removal order. Reno v. Am. Anti-Arab Discrimination Cmte., 525 U.S. 471, 482 (1999). Specifically, Section 1252(g), entitled "Exclusive jurisdiction," provides that:

> Except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

Although the Supreme Court in AADC rejected the notion that § 1252(g) applies to all claims relating to deportation, the Court expressly held that Section § 1252(g) applies to these "three discrete actions that the Attorney General may take." Id. at 482. Importantly, the Supreme Court in AADC did not suggest that, when a lawsuit involves these three categories of actions, federal court jurisdiction turns on the nature of the arguments raised by the alien to challenge the Attorney General's action. Rather, when a challenge "arise[s] from" the Attorney General's "decision or action" to "commence

proceedings, adjudicate cases, or execute removal orders," federal district courts lack jurisdiction to review these decisions. 8 U.S.C. §1252(g).

As background, the Court explained that decisions by the then-INS to avoid or abandon the removal process for a given individual for discretionary reasons "opened the door to ligation in instances where the INS chose <u>not</u> to exercise it." <u>AADC</u>, 525 U.S. at 484. The Court concluded that "Section 1252(g) seems clearly designed to give some measure of protection to 'no deferred action' decisions and similar discretionary determinations" and that specifically, the statute was "directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." <u>AADC</u>, 525 U.S. at 485 & n.9; <u>see also</u> <u>United States v. Alabama</u>, 691 F.3d 1269, 1295 (11th Cir. 2012) ("Congress intends the Executive Branch to retain discretion over expulsion."); <u>Chehazeh v. Attorney General</u>, 666 F.3d 118, 134 (3d Cir. 2010) ("1252(g) was designed to make unreviewable prosecutorial decisions."); <u>Alvarez v. U.S. Immigration & Customs Enforcement</u>, 818 F.3d 1194, 1205 (11th Cir. 2016) ("This means that we should apply [1252(g)] to preclude '[e]fforts to challenge the refusal to exercise [favorable] discretion on behalf of specific aliens,' as well as those claims that would lead to 'the deconstruction, fragmentation, and hence prolongation of removal proceedings.'") (quoting <u>AADC</u>, 525 U.S. at 487)).

Although the Supreme Court in <u>AADC</u> considered discretionary actions to which § 1252(g) applies, "it did not explicitly state that the provision applies only to review of discretionary decisions by the Attorney General in these areas and not to review of non-

discretionary decisions." Tsering v. U.S. Immigration & Customs Enforcement, 403 F. App'x 339, 342 (10th Cir. 2010) (quoting Foster v. Townsley, 243 F.3d 210, 214 (5th Cir. 2001)). Therefore, regardless of whether the Attorney General's decision was discretionary or non-discretionary, if the action arises from the decision to execute a removal order, the Court lacks jurisdiction. Tsering, 403 F. App'x at 342. The Eleventh Circuit has applied § 1252(g) to bar review of a broad array of claims, regardless of whether the executive action in question involved an exercise of discretion. Alvarez v. U.S. Immigration & Customs Enf't, 818 F.3d 1194, 1202 (11th Cir. 2016), cert. denied sub nom. Alvarez v. Skinner, 137 S. Ct. 2321 (2017) (citing AADC, 525 U.S. at 487; Gupta v. McGahey, 709 F.3d 1062, 1065 (11th Cir. 2013)).

Consequently, the dispositive issue in this case as it relates to § 1252(g) is whether the plaintiff's claim arises out of the decision or action to execute her final order of removal. A decision to deny a stay pending adjudication of the plaintiff's U-Visa and proceed with the plaintiff's removal fits comfortably within that framework and is consistent with the case law applying this provision. In fact, in every case found by the undersigned where a court considered the effect of § 1252(g) on a claim regarding a Form I-246 denial, the court concluded that the denial of a stay was performed in the course of executing a final order of removal and that the court lacked jurisdiction to review the denial.

For example, in Tasci v. Tsoukaris, Civ. No. 13-2438 (KM), 2013 WL 2146901 (D.N.J. May 14, 2013), the plaintiff, who was subject to a final order of removal, filed an

application for an administrative stay of removal pursuant to 8 C.F.R. § 246.1. Id. at *1. The agency denied the plaintiff's application, and the plaintiff filed a habeas petition in district court that by its terms did not challenge his order of removal or the decision denying his request for a stay but rather challenged the Government's alleged failure to apply internal policy guidelines in reaching its determination to deny the stay and remove him. Id.

> In rejecting this argument, the court held:
>
> Regardless of terminology – denial of stay of removal, or execution of removal – this action falls squarely within Section 1252(g)'s mandate that no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this Act.
>
> ***
>
> Regardless of whether I agree with the decision to deny Tasci's request for a stay, I do not have jurisdiction to exercise my judgment in this matter.

Id. at *4 (quoting 8 U.S.C. § 1252(g)).

Although the plaintiff here argues that "this jurisdictional bar only applies to claims arising from the Attorney General's actions in the context of removal proceedings," (Pl. Mem., 2-3), that simply is not true. Specifically, courts in this district and others addressing § 1252(g) in the stay context also have concluded that they lack jurisdiction over such claims. See Pomaquiza v. Sessions, No. 3:17-CV-01549 (JAM), 2017 WL 4392878, at *2 (D. Conn. Oct. 3, 2017), appeal withdrawn, No. 17-3168, 2018 WL 4849688 (2d Cir. Jan. 4, 2018) ("Congress has decreed that a federal district court

8

does not have jurisdiction over the type of claim that [Plaintiff] pursues here: a claim that arises from the government's decision to execute an order of removal against him."); Sharif v. Ashcroft, 280 F.3d 786, 787 (7th Cir. 2002) (finding no jurisdiction to review a stay request since "[a] request for a stay of removal 'arises from' the Attorney General's decision . . . to execute a removal order"); Nken v. Chertoff, 559 F. Supp. 2d 32, 36 (D.D.C. 2008) ("Petitioner's relief – requesting a stay of the execution of the BIA's removal order – falls within the ambit of section 1252(g)."); Dorgan v. Ridge, 04 C 7401, 2005 WL 106483, at *2 (N.D. Ill. Jan. 19, 2015) ("[a] request to stay [plaintiff's] removal arises from the decision to execute the removal order and is therefore barred by § 1252(g)."); Borodachev v. Rodriguez, Civ No. 13-1999 (KM), 2013 WL 1949844, at *2 (D.N.J. May 8, 2013) ("the denial of a stay is an unreviewable discretionary decision to . . . execute removal orders."); Barrios v. Att'y Gen. of U.S., 452 Fed. App'x. 196, 198 (3d Cir. 2011) ("BIA's denial of a stay of removal falls within its power to execute a removal order"); Lamah v. Dep't of Homeland Sec., No. CIV.05-1754(DWF/AJB), 2005 WL 2043998, at *3 (D. Minn. Aug. 25, 2005) ("Because the decision to deny Ms. Lamah's requested stay of removal was discretionary and part of a valid order of removal, this Court lacks jurisdiction to review it or to grant Plaintiffs' Motion for injunctive relief."); Moussa v. Jenifer, 389 F.3d 550, 554 (6th Cir. 2004) ("a denial of a stay of deportation is a component of the decision to execute a deportation order").[1]

---

[1] The plaintiff cites Han Cao v. Upchurch, 496 F. Supp. 2d 569, 574 (E.D. Pa. 2007), which she claims stands for the proposition that § 1252(g) does not apply to those

**8 U.S.C. § 1252(f)(2)**

As the court has observed, 8 U.S.C. § 1252(f)(2) provides: "Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law."

The plaintiff argues that this provision does not apply because (despite seeking a temporary restraining order against the various defendants named in the complaint) she draws a distinction between her efforts to stay her removal and an order enjoining her removal. Even if the plaintiff's characterization is correct, however, claims regarding stays of removal orders are not subject to district court jurisdiction under 1252(g) for the reasons set forth in the previous section. Consequently, regardless of the appropriate standard to enjoin or stay the plaintiff's removal (be it traditional injunction analysis or § 1252(f)(2)'s "clear and convincing" standard), this court lacks jurisdiction to review at all a claim arising out of the defendants' decision to execute the plaintiff's final order of removal.

---

cases where a plaintiff is seeking adjudication of an application before USCIS. (Pl. Mem., 3.) But that is not all the plaintiff in this case is seeking; rather, she also is seeking to stay execution of her final order of removal, which is the claim that implicates § 1252(g). The plaintiffs in Han Cao do not appear to have had final orders of removal, and that case therefore is inapposite.

## Conclusion

The plaintiff here states that she "is not challenging DHS's decision to execute a removal order but [is] asking the Court to stay the deportation date until a decision is made on her U-Visa." (Pl. Mem., 7.) The defendants do not understand the difference. By asking the district court to stay her removal, the plaintiff necessarily is asking the court to countermand DHS's discretionary decision to execute the plaintiff's final order of removal pending adjudication of her U-Visa. That discretionary decision, however, is both expressly contemplated by the U-Visa regulations and is insulted from district court review under § 1252(g), and the defendants respectfully submit that the court lacks subject matter jurisdiction over that aspect of the plaintiff's claim.

Respectfully submitted,

John H. Durham
United States Attorney

\_\_\_/s/_____
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T: (860) 947-1101
F: (860) 760-7979
john.larson@usdoj.gov